IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON FENDERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-cv-11-SMY |
| | ) |
| ANTHONY WILLS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court for case management. Petitioner Leon Fenderson filed this habeas corpus action pursuant to 28 U.S.C. § 2254 on January 7, 2021 but did not submit the filing fee with his Petition. On January 7, 2021, the Court ordered Fenderson to either pay the $5.00 filing fee, submit a motion to proceed *in forma pauperis* ("IFP") no later than February 6, 2021, or face dismissal of this action for want of prosecution. (Doc. 2). More than 30 days have passed since that deadline, and Fenderson has not paid the filing fee, filed a motion to proceed IFP, or submitted any related correspondence to the Court.

Accordingly, this habeas corpus action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. All pending motions are **TERMINATED AS MOOT**.

If Petitioner wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for

leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  Petitioner must be granted a certificate of appealability prior to appealing.  *See* 28 U.S.C. § 2253(c); *Walker v. O'Brien*, 216 F.3d 626, 630 (7th Cir. 2000).  If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**Dated:  July 20, 2021**

**STACI M. YANDLE**
**United States District Judge**